**CV 14         5130**

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ AUG 29 2014 ★

BROOKLYN OFFICE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

---

SOCAR (Societe Camerounaise d'Assurance
et de Reassurance),
SOCAR Liquidation

**FEUERSTEIN, J.**

Plaintiffs

V.                                      **LINDSAY, M.J.**   Court File no

The Boeing Company, a Delaware corporation
Pratt and Whitney Group, an operational
unit of United Technologies Corporation,
a Delaware corporation.

Defendants

---

### COMPLAINT FOR SUBROGATION OF INSURANCE PAYMENTS
### JURY TRIAL REQUESTED

NOW COMES Societe Camerounaise d'Assurance et de Reassurance (herein after SOCAR) and SOCAR Liquidation, by and through their Counsel Law Offices of Okedi & Ndi, and for their complaint against The Boeing Company, a Delaware corporation Pratt and Whitney Group, an operational unit of United Technologies Corporation, a Delaware corporation hereby states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this case is based on Diversity (none of the defendants are residents of the state where the plaintiff is a resident).
2. The amount in dispute is in Excess of $50,000.00

### THE PARTIES

3. Plaintiffs SOCAR was a parastatal corporation now under liquidation renamed

SOCAR Liquidation in Cameroon.

4. That defendant The Boeing Company (hereinafter "Boeing") is a corporation existing under the laws of the State of Delaware, United States of America and, at such times as are relevant hereto, was doing business in the State of Minnesota.

5. That defendant Pratt & Whitney Group, an Operating Unit of United Technologies Corporation (hereinafter "PWG"), is a corporation existing under the laws of the State of Delaware, United States of America and, at all such times relevant. Hereto, was doing business in the State of Minnesota.

## FACTUAL BACKGROUND

6. That defendant Boeing designed, built, fabricated, constructed, manufactured, assembled, tested, inspected and sold a certain Boeing Model 737-200 aircraft, Registration TJCBD.

7. That defendant PWG designed, fabricated, constructed, manufactured, assembled, tested, inspected and sold JT8D-15 jet engines that were incorporated as a component of the Boeing 737 aircraft mentioned above.

8. That the Boeing 737 aircraft equipped with PWG JT8D-15 jet engines were designed, built, fabricated, constructed, manufactured, assembled, tested, inspected and sold for the intended use in commercial aviation for the carriage of passengers and cargo for hire.

9. That on August 30, 1984, the mentioned Boeing 737 aircraft was in use for its intended purpose by Cameroon Airlines in the carriage of passengers aboard Cameroon Airlines Flight UY 736 at the Douala International Airport in Douala, Republic of Cameroon, in West Africa.

10. That at the time and place mentioned, such Boeing 737 aircraft caught fire and burned while taxing toward the take-off runway for a flight to Yaounde, the capitol of Cameroon.

11. That there were 109 passengers and 7 crew members aboard, including the plaintiffs, Richard and Patricia Kramer, and their two minor children, Matthew Kramer and Katherine Kramer? that of the passengers aboard, 3 were killed and 72 were injured, many, including the plaintiffs, severely; that the aircraft was totally destroyed by fire.

12. That the mentioned fire resulted from fragments of one of the PWG JT8D-15 jet engines which ruptured the wing fuel tank of the mentioned Boeing 737 aircraft.

## FIRST COUNT - Negligence

13. Plaintiffs reallege the allegations contained in Paragraphs 1 through 11.

14. Each of the defendants owed to plaintiffs the duty to act as ordinary, prudent and reasonable manufacturers of aircraft and aircraft engines.

15. Each of the defendants breached this duty in that they:

    a.  Negligently and carelessly designed, built, constructed, fabricated, manufactured, assembled, tested, inspected and sold the Boeing 737 aircraft equipped with PWG JT8D-15 engines.

    b.  Negligently and carelessly failed to give the owner-carrier, Cameroon Airlines, a reasonable warning as to the dangers inherent and reasonably foreseeable in the use and operation of the 737 aircraft and PWG JT8D-15 engines in commercial air carriage with a foreseeable knowledge that plaintiffs and other passengers would be carried aboard said aircraft and subjected to unreasonable hazards and dangers.

    c.  Negligently and carelessly failed to give the owner-carrier, Cameroon Airlines, accurate and adequate instructions with respect to the operation, maintenance, inspection, repair and use of the Boeing 737 aircraft equipped with PWG JT8D-15 engines.

    d.  Negligently and carelessly failed to take steps to prevent premature failure of the PWG JT8D-15 engine components of the Boeing 737 aircraft after discovery of defects inherent in the design, construction, fabrication, manufacture, assembly and sale of said aircraft.

16. As a direct and proximate result of the negligence of each of the defendants as aforesaid, the plaintiffs, and each of them, have suffered damages in excess of Fifty Thousand Dollars ($50,000.00) as more fully set forth below.

## SECOND COUNT - Breach of Warranty

17. Plaintiffs reallege the allegations contained in Paragraphs 1 through 14 of this Complaint.

18. Defendants Boeing and PWG are in the business of designing, building, constructing, fabricating, manufacturing, assembling, testing, inspecting and

selling its aircraft, including the Boeing 737 aircraft with a PWG JT8D-15 engines, and impliedly warranted that said aircraft and engine components were airworthy and fit and suitable for use in air carrier operations, including the Boeing 737 aircraft, Registration TJCBD sold to Cameroon Airlines and involved in the incident at Douala International Airport, Douala, Cameroon, West Africa, on August 30, 1984.

19. Each of the defendants breached their implied warranties of airworthiness and fitness for use in the air operations by Cameroon Airlines with respect to the Boeing 737 aircraft, Registration TJCBD.

20. As a direct and proximate result of such breaches of warranty as to the airworthiness and fitness for use in commercial air carrier operations of the aforementioned Boeing 737 Aircraft, plaintiffs, and each of them, have suffered damages in excess of Fifty Thousand Dollars ($50,000.00) as more fully set forth below.

## THIRD COUNT - Strict Liability

21. Plaintiffs reallege the allegations contained in Paragraphs 1 through 18 of this Complaint.

22. The Boeing 737 aircraft, Registration TJCBD, which was designed,- built, constructed, fabricated, manufactured, assembled, tested, inspected and sold by Boeing with PWG JT8D-15 engines designed, built, constructed, fabricated, manufactured, assembled, tested, inspected and sold by PWG, was in a defective condition and unreasonably dangerous to plaintiffs and other passengers using said aircraft in the course of air carriage.

23. That the Boeing 737 Aircraft incorporating the PWG JT8D-15 engines being used by Cameroon Airlines on its Flight # UY 786 on August 30, 1984 were defective and unreasonably dangerous when they left the control of defendants Boeing and PWG.

24. That as a direct result of the defective condition of the Boeing 737 aircraft and its PWG JT8D-15 engines, the plaintiffs, and each of them, have suffered damages in excess of Fifty Thousand Dollars ($50,000.00) as more fully set forth below.

## DAMAGES – SOCAR now SOCAR LIQUIDATION

25. That as a direct and proximate result of the fault of the defendants, and each of them, plaintiff SOCAR now SOCAR Liquidation sustained large financial loss incurred in insurance payment, compensating the uncompensated victims of the accident caused by the defendants fault, and for property damage, in an amount

that can now be ascertained to be Fifty Four Million Dollars ($54,000,000.00) in special damages and general damage in an amount which cannot now be fully ascertained, but is in excess of Fifty Million Dollars ($100,000,000.00).

WHEREFORE, plaintiffs SOCAR now SOCAR Liquidation, pray for judgment against defendants Boeing and PWG, and each of them, as follows:

    **a.**    In favor of SOCAR now SOCAR Liquidation, for the amount it incurred in paying out damages to victims of the August 30, 1984 accident in Douala, Cameroon.

    **b.**    In favor of SOCAR now SOCAR Liquidation, for declaratory Judgment based on the doctrine of res judicata. Boeing and PWG were held responsible for the August 30, 1984 accident in Douala, Cameroon in the case of *Kramer v. Boeing*, Case no.: 3:88-CV-00215 of the US District Court for the District of Minnesota

    **c.**    Judgment in favor of all plaintiffs for their costs, disbursements, prejudgment interest and reasonable attorneys' fees, as may be allowed by law.

_____
Benjamin N Ndi
7410 Georgia Avenue NW #4
Washington, DC 20012
Tel: 202-746-2324

DATED: 08/22/2014