UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SOCAR (Societe Cameroonaise d'Assurance
et de Reassurance), now SOCAR Liquidation,

                    Plaintiff,

   -against-

THE BOEING COMPANY, a Delaware
corporation, PRATT & WHITNEY, an
operational unit of United Technologies
Corporation, a Delaware corporation,

                    Defendants.
----------------------------------------------------------X

**FILED**
**CLERK**
11/12/2015 2:27 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**<u>ORDER</u>**
14-CV-5130 (SJF) (ARL)

FEUERSTEIN, J.

      Plaintiff, Societe Cameroonaise d'Assurance et de Reassurance, n/k/a SOCAR Liquidation ("SOCAR" or "Plaintiff"), files this subrogation action against The Boeing Company ("Boeing") and Pratt & Whitney ("P&W") for damages arising out of a 1984 aircraft incident in the Republic of Cameroon. Boeing and P&W (collectively, "Defendants") had manufactured and sold a plane to Cameroon Airlines that later caught fire in a Cameroonian airport. SOCAR, as the insurer of Cameroon Airlines, now seeks indemnification from Defendants for SOCAR's insurance payments that arose out of the aircraft incident.

      Defendants have moved to dismiss, arguing that SOCAR's suit is untimely pursuant to two (2) New York statutes of limitations; SOCAR contends that its action is timely pursuant to a Cameroonian statute of repose. The motion to dismiss is granted, and the action is dismissed with prejudice.

**I.     Background**[1]

   *A.     The Parties*

SOCAR is "a parastatal corporation now under liquidation renamed SOCAR Liquidation in Cameroon.  Plaintiff is also a Cameroonian Corporation with its registered office in Douala[,] Cameroon."[2]  [DE 21, Am. Compl., at ¶ 3].  It was the insurer of Cameroon Airlines at the time of a 1984 aircraft incident.  [DE 32-4, Pl.'s Mem. of Law ("Pl.'s Opp'n Br."), at 2].[3]

Boeing is incorporated in Delaware and "at such times as are relevant hereto, was doing business in the State of New York."  [DE 21, Am. Compl., at ¶ 4].  Counsel for Boeing represents that the company is incorporated in Delaware and has its principal place of business in Illinois.  [DE 32-1, Defs.' Op. Br., at 3].  Boeing manufactured and sold the Boeing Model 737-200 aircraft with registration number TJCBD that caught fire on August 30, 1984 at the Cameroonian airport (the "Boeing Plane").  [DE 21, Am. Compl., at ¶¶ 6, 10].

---

[1] As is required on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in Plaintiff's favor.  *Wendell Bail Bonding Co. No. 0811 v. Cuomo*, No. 10-cv-4022, 2011 WL 5546929, at *1 (E.D.N.Y. Nov. 10, 2011).  The factual allegations do not constitute findings of fact by this Court.  *Pompey v. Imagistics Pitney Bowes Office Sys.*, No. 04-cv-3923, 2005 WL 1320153, at *1 n.1 (E.D.N.Y. May 26, 2005).

[2] Based on the complaint, it is not clear whether SOCAR is a "parastatal corporation" partially or wholly-owned by the Republic of Cameroon ("Cameroon") or a privately or publicly-owned "Cameroonian Corporation."  If the former, this Court has jurisdiction over SOCAR pursuant to 28 U.S.C. § 1332(a)(4).  If the latter, jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(2).  Regardless of the specific statutory provision, this Court maintains proper jurisdiction over SOCAR.

[3] Factual allegations contained in a plaintiff's *memorandum of law* are not accepted as true on a motion to dismiss.  *See Ganny v. F.J.C. Sec. Servs., Inc.*, No. 15-cv-1965, 2015 WL 3600745, at *4 (E.D.N.Y. July 28, 2015) (quoting *Friedl v. City of New York*, 210 F.3d 79, 84 (2d Cir. 2000)) ("[A] district court errs when it . . . relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.").  This Court nevertheless takes judicial notice that SOCAR is the insurer of Cameroon Airlines because the undisputed fact is "integral" to the complaint.  *See id.* at *3-4; DE 32-1, Defs.' Mem. in Support ("Defs.' Op. Br."), at 5 ("Because this is a subrogation action, Plaintiff 'steps in the shoes' of its insured, adopting the rights of Cameroon Airlines . . . ."); DE 32-4, Pl.'s Opp'n Br., at 2 ("SOCAR filed this subrogation action . . . to recover [payments] it made, as Cameroon Airlines' insurer . . . .").

P&W is incorporated in Delaware and "at such times as are relevant hereto, was doing business in the State of New York." *Id.* at ¶ 5. Counsel for P&W indicates that it is incorporated in Delaware and has its principal place of business in Connecticut. [DE 32-1, Defs.' Op. Br., at 2-3]. P&W manufactured and sold the JT8D-15 jet engines that were incorporated into the Boeing Plane. [DE 21, Am. Compl., at ¶ 7].

### B. Factual Background

On August 30, 1984, Cameroon Airlines was using the Boeing Plane for a commercial flight from Douala International Airport in Douala, Cameroon to Yaoundé, Cameroon. *Id.* at ¶ 9. While preparing for take off, the Boeing Plane caught on fire, killing three (3) passengers and injuring another seventy-two (72) (the "Aircraft Fire"). *Id.* at ¶¶ 10-11. The fire started when "fragments of one of the PW JT8D-15 jet engines . . . ruptured the wing fuel tank of the" Boeing Plane. *Id.* at ¶ 12. SOCAR was the insurer of Cameroon Airlines at the time of the incident. *See supra* note 3.

### C. Procedural History

On August 29, 2014, SOCAR filed the present action seeking one-hundred-fifty-four million dollars ($154 million) in subrogation for the insurance payments that it paid on behalf of Cameroon Airlines to the victims of the Aircraft Fire and for property damage to the Boeing Plane. [DE 1, Compl.]. Defendants have jointly moved to dismiss, arguing that the action is untimely under New York's statutes of limitations. [DE 28, Joint Mot. to Dismiss].

## II. Discussion

### A. Standard of Review

On a motion to dismiss, this Court accepts all factual allegations in the amended complaint as true and draws all reasonable inferences in favor of the plaintiff. *Wendell Bail*

3

*Bonding Co. No. 0811 v. Cuomo*, No. 10-cv-4022, 2011 WL 5546929, at *1 (E.D.N.Y. Nov. 10, 2011). The Court's review is limited to the factual allegations contained in the operative complaint, documents attached to the complaint as exhibits or incorporated by reference, matters of which judicial notice may be taken, and documents within the plaintiff's possession or of which the plaintiff had knowledge and relief on in bringing suit. *Pompey v. Imagistics Pitney Bowes Office Sys.*, No. 04-cv-3923, 2005 WL 1320153, at *1 (E.D.N.Y. May 26, 2005) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

### B. *Equitable Subrogation Doctrine*

"Subrogation is the right one party has against a third party following payment, in whole or in part, of a legal obligation that ought to have been met by the third party." *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999) (internal citation omitted). The doctrine of equitable subrogation allows insurers to "stand in the shoes" of their insured to seek indemnification by pursuing any claims that the insured may have had against third parties legally responsible for the loss. *Id.* (internal citation omitted); *United States v. California*, 507 U.S. 746, 756 (1993). Under New York law, an insurer's subrogation claim is subject to the same statute of limitations applicable to the original underlying claim (such as a breach of contract claim) that gave rise to the derivative subrogation claim. *Stewart v. Atwood*, 834 F. Supp. 2d 171, 181 (W.D.N.Y. 2012); *Allstate Ins. Co. v. Stein*, 1 N.Y.3d 416, 420-21 (N.Y. 2004).

### C. *Statute of Limitations*

A complaint may be dismissed as untimely under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's factual allegations demonstrate that relief would be barred by the applicable statute of limitations. *In re Figueroa v. Ponce De Leon Fed. Bank*, No. 11-cv-7633,

2012 WL 3264552, at *1 (S.D.N.Y. Aug. 10, 2012) (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)). In diversity cases, a federal court located in New York will generally apply the choice-of-law rules and statute of limitations of the law of the forum state, not the law of the state in which the action accrued. *Morson v. Kreindler & Kreindler, LLP*, 814 F. Supp. 2d 220, 225 (E.D.N.Y. 2011); *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626-27 (2d Cir. 1998). The general rule, however, is subject to a statutory exception: New York's "borrowing statute," or C.P.L.R. § 202 ("Section 202"). *Stuart*, 158 F.3d at 627; N.Y. C.P.L.R. § 202.

Pursuant to Section 202, where a plaintiff, not a resident of New York, sues upon a cause of action that arose outside of New York, a district court must apply the *shorter* limitations period of either: 1) New York; or 2) the state where the cause of action "accrued." *See Stuart*, 158 F.3d at 627; N.Y. C.P.L.R. § 202. The statute provides:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202.[4] For purposes of Section 202, a negligence or product liability cause of action "accrues" in the state where the injury occurred. *Stuart*, 158 F.3d at 627 (citing *Dugan v. Schering Corp.*, 86 N.Y.2d 857 (N.Y. 1995)). A breach of warranty cause of action "accrues" upon the tender of product delivery, except where the warranty extends to future performance of the goods, in which case the cause of action accrues when the breach is or should have been discovered. *Peerless Ins. Co. v. Amada Am., Inc.*, No. 12-cv-1847, 2013 WL 237531, at *1

---

[4] Under Section 202, "the state" refers to New York, and "accruing" means "arising." *See* 6th Rep. Legis. Doc. No. 8, at 69 (1962); *see also Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529 (N.Y. 1999)("CPLR 202 has remained substantially unchanged since 1902. While its predecessor . . . used the word 'arise' instead of 'accrue,' the Legislature intended no change in meaning when it adopted the present provision, in 1962, as part of the CPLR. The legislative purpose was simply to ensure that the language of CPLR 202 conformed with other CPLR provisions.").

5

(N.D.N.Y. Jan. 22, 2013) (internal citations omitted); N.Y. U.C.C. § 2-725(2). Section 202 applies "regardless" of whether the "borrowed," foreign statute is classified as a statute of repose or statute of limitations. *See Stuart*, 158 F.3d at 627;[5] *Barnett v. Johnson*, 839 F. Supp. 236, 238 (S.D.N.Y. 1993);[6] *Ledwith v. Sears Roebuck and Co.*, 231 A.D.2d 17, 23-24 (N.Y. App. Div. 1997).[7]

### D. *Analysis*

SOCAR has raised three (3) legal claims against Defendants for: 1) negligence; 2) breach of warranty; and 3) products liability. In this subrogation action, SOCAR stands in the shoes of its insured, Cameroon Airlines, and is subject to all defenses as would have been available against Cameroon Airlines, such as the statute of limitations. Because this is a diversity case involving a nonresident plaintiff, Section 202 governs whether New York's statute of limitations or Cameroon's statutory equivalent applies to the action.

#### 1. **New York's Statute of Limitations**

New York's statutes of limitations are three (3) years for product liability and personal injury claims. *See* C.P.L.R. §§ 214(4) and (5). The computation of time commences from the

---

[5] "Neither this court, nor the New York Court of Appeals, has addressed whether C.P.L.R. § 202 applies when the 'borrowed' statute happens to be a statute of repose, rather than a statute of limitations. Both the Appellate Division, First Department and the United States District Court for the Southern District of New York have concluded that C.P.L.R. § 202 applies to both without distinction. . . . These courts have reasoned that the purpose of the borrowing statute—preventing forum shopping by plaintiffs seeking the holy grail of the longer period—is best served by applying the period of the foreign state, regardless of how it is denominated." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998)(internal citations omitted).

[6] "Plaintiff responds that CPLR § 202 requires borrowing only statutes of limitations, not statutes of repose, and that her suit is therefore timely. This is the first time that a court has addressed whether New York's borrowing statute will borrow a statute of repose. . . . I conclude that a New York court faced with this question would borrow a foreign statute of repose . . . ." *Barnett v. Johnson*, 839 F. Supp. 236, 238 (S.D.N.Y. 1993).

[7] "By its own terms, CPLR 202's borrowing provision is not confined to the statute of limitations but embraces all the laws that serve to limit the time within which an action may be brought." *Ledwith v. Sears Roebuck and Co.*, 231 A.D.2d 17, 23-24 (N.Y. App. Div. 1997).

date on which the cause of action accrues, or the date of the accident. *See Allstate Ins. Co. v. Stein*, 1 N.Y.3d 416, 423 (N.Y. 2004); N.Y. C.P.L.R. § 203(a). The limitations period for a breach of warranty claim is four (4) years from the date of delivery of the product to the first purchaser, except that "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *See* N.Y. U.C.C. §§ 2-725(1) and (2).

As a result, under New York law, SOCAR's subrogation claims on the underlying personal injury and product liability claims expired three (3) years after the Aircraft Fire, or on August 30, 1987. Although the complaint does not plead when the Boeing Plane was presumably first delivered to Cameroon Airlines, the statute of limitations for SOCAR's subrogation claim on the underlying breach of warranty claim expired, at the very latest, four (4) years after the discovery of the breach, or the date of the Aircraft Fire: August 30, 1988. SOCAR's action on all three (3) of its legal claims is therefore untimely under New York law.[8]

### 2. Cameroonian Law: Article 2262

SOCAR contends that Cameroon Civil Code Article 2262 governs as the applicable statute of repose. *See* Cameroon Civil Code Art. 2262; DE 32-4, Pl.'s Opp'n Br., at 5 (quoting Decl. of Laurent K. Messi, Esq., dated Mar. 30, 2015). Article 2262 provides:

> All legal actions, whether 'in rem' or 'in personam' are prescribed by thirty [30] years without the party alleging such a prescription being obliged to bring any title or be objected by an exception deducted from bad faith.

[DE 32-4, Pl.'s Opp'n Br., at 5 (quoting Decl. of Laurent K. Messi, Esq., dated Mar. 30, 2015)]. "Prescription" is defined as "a means of extinction of a legal right as a result of the inaction of a petitioner during a certain period of time." Cameroon Civil Code Art. 2219.

---

[8] SOCAR has not advanced any equitable tolling argument, and this Court therefore need not consider whether the equitable tolling doctrine may apply under these factual circumstances.

7

"Because Art. 2262 is a statute of repose, not a statute of limitations," SOCAR argues, "[C.P.L.R.] §202 does not require application of New York's three-year products liability limitations period or its four-year breach of warranty limitations period to SOCAR's claims." [DE 32-4, Pl.'s Opp'n Br., at 1; *see id.* at 8 ("Because, as discussed above, Cameroon Civil Code Art. 2262 is a substantive statute of repose, not a procedural statute of limitations, CPLR §202 is inapplicable.")]. As SOCAR filed its present action *one day short* of the thirty (30) year prescriptive period set forth in Article 2262, it claims that its action is therefore timely. In opposition, Defendants assert that Article 2262 is inapplicable, but that even if it were to govern, Article 2262 is a typical statute of limitations and not a statute of repose, such that C.P.L.R. § 202 would mandate the application of New York's statute of limitations over Cameroon's statutory equivalent. [DE 34-5, Defs.' Joint Reply Br., at 4].

This Court need not perform a fact-specific analysis of whether Cameroon's Article 2262 is either a substantive statute of repose or procedural statute of limitations under New York law. C.P.L.R. § 202 applies "regardless" of whether Article 2262 is classified as a statute of repose or statute of limitations. *See Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998); *Barnett v. Johnson*, 839 F. Supp. 236, 238 (S.D.N.Y. 1993); *Ledwith v. Sears Roebuck and Co.*, 231 A.D.2d 17, 23-24 (N.Y. App. Div. 1997). And under Section 202, SOCAR's action needed to be commenced by either: 1) New York's three (3) and four (4) year statute of limitations period; or 2) Cameroon's thirty (30) year period, *whichever is shorter*. *See Stuart*, 158 F.3d at 627; N.Y. C.P.L.R. § 202. Because SOCAR's action was not filed until August 29, 2014, it is untimely under New York's statute of limitations period that expired on August 30th of 1987 and 1988. Defendants' motion to dismiss must therefore be granted.

## III. Conclusion

For the reasons stated above, Plaintiff's action is untimely, and Defendants' motion to dismiss is granted. The case is dismissed with prejudice, and the Clerk of the Court is directed to close the case.

**SO ORDERED.**

s/ Sandra J. Feuerstein  
Sandra J. Feuerstein  
United States District Judge

Dated: November 12, 2015  
       Central Islip, New York